## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TROPICANA APARTMENTS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-00660-PRW |
| | ) | |
| AXIS SURPLUS INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Before the Court is Plaintiff Tropicana Apartments, Ltd.'s Motion to Strike Defendant's Motion for Summary Judgment (Dkt. 48), Defendant AXIS Surplus Insurance Company's response (Dkt. 49), and Plaintiff's reply (Dkt. 52). Plaintiff argues that the Court should strike Defendant's Amended Motion for Summary Judgment (Dkt. 46) because it failed to comply with LCvR 56.1(b), which provides that a brief in support of a motion for summary judgment "shall begin with a section stating the material facts to which the movant contends no genuine dispute exists. The facts shall be set forth in concise, numbered paragraphs." Plaintiff also argues that the motion should be stricken for failure to comply with LCvR 56.1(d), which states that "[e]ach individual statement by the movant [for summary judgment] . . . shall be followed by citation, with particularity, to any evidentiary material that the party presents in support of its position pursuant to Fed. R. Civ. P. 56(c)." Finally, Plaintiff argues that the motion violates LCvR 7.1(n), which states in relevant part that "[u]nnecessarily voluminous exhibits, attachments, and appendices to

1

filings should be avoided. A filer should submit as an exhibit or attachment only excerpts of documents that are relevant to the matter under consideration."

Reviewing Defendant's Amended Motion for Summary Judgment, the Court agrees that it violates LCvR 56.1(b) and (d) and LCvR 7.1(n). Defendant responds that the Court should not strike the motion on "such hyper-technical grounds[,]"[1] but these rules are not technicalities. LCvR 56.1(b) and (d) allow a respondent to a motion for summary judgment to identify and dispute factual issues and assist the Court in determining whether a genuine dispute of material fact exists.

Accordingly, the Court **GRANTS** in part and **DENIES** in part Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment (Dkt. 48),[2] and **STRIKES** Defendant's Amended Motion for Summary Judgment (Dkt 46). Defendant may file a second amended motion for summary judgment in compliance with LCvR 56.1(b) and (d) and LCvR 7.1(n) on or before July 18, 2024, but that second amended motion may not assert any new matters not raised in Defendant's Amended Motion for Summary Judgment (Dkt. 46). Furthermore, the Court **STRIKES** the case from the Court's August 2024 Trial Docket, to be reset at a later date, and **STAYS** all remaining unexpired deadlines.

---

[1] Def.'s Resp. (Dkt. 49), at 3.

[2] The motion (Dkt. 48) is denied in part because Plaintiff requested that Defendant not be afforded leave to refile a motion for summary judgment, and the Court finds that this relief is not warranted.

**IT IS SO ORDERED** this 11th day of July 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE